**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **DUDLEY ALVARO THOMPSON,** | * | |
| **Plaintiff,** | * | |
| v. | | **Case No.: GJH-18-822** |
| | * | |
| **WASHINGTON METROPOLITAN** | | |
| **AREA TRANSIT AUTHORITY,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

*Pro se* Plaintiff Dudley Alvaro Thompson brought this action against Defendant Washington Metropolitan Area Transit Authority ("WMATA") for injuries he suffered after a fall on a Metro bus. ECF No. 1. Pending before the Court is Defendant's Motion for Sanctions. ECF No. 20. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion for Sanctions is granted, and this case is dismissed without prejudice.

**I.  BACKGROUND**

Plaintiff initiated this personal injury lawsuit on February 20, 2018 in the Circuit Court for Montgomery County, Maryland; the suit was subsequently removed to this Court on March 20, 2018. ECF No. 1. On July 17, 2018, the Court issued a Scheduling Order, instructing the parties to complete discovery (including depositions and interrogatories) by November 17, 2018. ECF No. 13. On September 19, 2018, Defendant filed a Motion to Compel Plaintiff's Initial Disclosures, Plaintiff's Responses to Defendant's First Interrogatories and Requests for Production of Documents, and Plaintiff's Deposition. ECF No. 15. Plaintiff did not file a

1

response to Defendant's Motion, and on January 15, 2019, the Court concluded "that Plaintiff ha[d] not properly cooperated with discovery requests, in violation of the Federal Rules of Civil Procedure," and it granted Defendant's Motion to Compel. ECF No. 19. The Court ordered Plaintiff to provide initial disclosures and serve responses to Defendant's interrogatories and requests for production within fourteen days of the date of the Order and to appear for a deposition within forty-five days of the date of the Order. *Id.*

On March 11, 2019, Defendant filed a Motion for Sanctions. ECF No. 20. In the Motion, Defendant asserts that Plaintiff has failed to comply with the Court's January 15, 2019 Order requiring him to provide initial disclosures, answers to interrogatories, and responses to requests for production of documents. *Id.* ¶ 3. It requests that the Court sanction Plaintiff, but it does not request a specific sanction. *Id.* Plaintiff has not filed a response.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 37(b), a court may issue sanctions against a party who "fails to obey an order to provide or permit discovery." These sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, Rule 37(d) permits a court to order dismissal if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). Before ordering dismissal, the court "must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

The Court is sensitive to the challenges and frustrations posed by Plaintiff's *pro se* status, but "Plaintiff's *pro se* status does not excuse participation in discovery or compliance with the requirements of the Federal Rules." *Loney v. RMB of North Carolina, Inc.*, Case No. 13–228, 2014 WL 2716072, at *2 (E.D.N.C. June 16, 2014). First, Plaintiff's noncompliance with both the Scheduling Order and the Order compelling production of discovery materials amounts to bad faith. *See Woodbury v. Victory Van Lines*, Case No. TDC-16-2532, 2019 WL 2135649 (D. Md. May 16, 2019) ("Bad faith can be established by noncompliance or haphazard compliance … with discovery orders" (internal quotations omitted)). By neglecting to file a response to either Defendant's Motion to Compel or Defendant's pending Motion for Sanctions, Plaintiff has also failed to provide any reasonable, good faith explanation for his noncompliance with the Court's discovery orders. Second, Plaintiff's noncompliance has caused substantial prejudice to Defendant's ability to assess Plaintiff's claims and prepare a defense. *See Lance v. Megabus Northeast, LLC*, Case No. PWG-16-3459, 2017 WL 3480800, at *3 (D. Md. Aug. 14, 2017) (finding that defendant was prejudiced by plaintiff's refusal to produce evidence at the heart of his claim and concluding that plaintiff's "failure to answer even a single interrogatory precludes Defendant from preparing a defense"). Third, Plaintiff's failure to provide any discovery has "rendered virtually useless the entire discovery process," *see Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 228 (4th Cir. 2019), and this sort of practice must be deterred, *see Bailey-El v. Hous. Auth. of Baltimore City*, Case No. RDB-15-2063, 2019 WL 2869645, at *6 (D. Md. July 3, 2019). Finally, any lesser sanction would likely not be effective. Plaintiff's failure to respond to either of Defendant's two most recent motions suggests that he has abandoned prosecution of this case, and the Court has already given Plaintiff an opportunity to correct his noncompliance, *see* ECF No. 19, to no avail. *See Lance*, 2017 WL 3480800, at *3 (concluding that lesser

sanctions would not prove effective where plaintiff had already previously failed to remedy discovery deficiencies); *Carter v. Prince George's Cty., Md.*, 155 F.R.D. 128, 130 (D. Md. 1994) (dismissing without prejudice where plaintiff was nonresponsive to the court and failed to attend properly noticed depositions or supplement interrogatories and other discovery documents). Thus, this case must be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Sanctions is granted. This action is dismissed without prejudice. A separate Order shall issue.

Date: October 21, 2019 /s/
GEORGE J. HAZEL
United States District Judge